### HADLEY ET AL. v. ELLIS ET AL.

IN SUIT AS TO OWNERSHIP OF DISPUTED FUND, JUDGMENT AGAINST DEBTOR IS ERRONEOUS AFTER DISMISSAL OF CLAIMANT FOR LACK OF SERVICE.

In a suit involving the ownership of a certain fund, in which the debtor admits the validity of the claim and that the amount in question is due, but alleges that a controversy exists as to the division to be made thereof, and offers to pay the same into court pending the determination of the equities in the case, and one of the parties to such controversy is dismissed from the action on a motion to quash the service of summons, a judgment thereafter given on the pleadings against such debtor will be erroneous.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**W. H. Sheldon,** prosecuting attorney, for plaintiff:

Interested party. *McArthur* v. *Scott,* 5 O. F. D. 357 [113 U. S. 340; 5 Sup. Ct. Rep. 652; 28 L. Ed. 1015]; *McArthur* v. *Franklin,* 15 Ohio St. 485; Star, Eq. Pl. Sec. 72-76; *Denton* v. *Nanny,* 8 Barb. 618; *Mills* v. *Van Voorhies,* 20 N. Y. 412; *St. Marys Mach. Co.* v. *Supply Co.* 68 Ohio St. 534 [67 N. E. Rep. 1055; 96 Am. St. 677]; *Trimble* v. *Boothby,* 14 Ohio 109 [45 Am. Dec. 526]; *Gibler* v. *Trimble,* 14 Ohio 323; *Irvin* v. *Smith,* 17 Ohio 226; *Osborn* v. *McClelland,* 43 Ohio St. 284 [1 N. E. Rep. 644]; *Reformed Presbyterian Church* v. *Nelson,* 35 Ohio St. 638; *Stone* v. *Viele,* 38 Ohio St. 314; *Penn* v. *Hayward,* 14 Ohio St. 302; *Benson* v. *Stein,* 34 Ohio St. 294.

Amendments to pleadings. *Irwin* v. *Bank,* 6 Ohio St. 81; *Milius* v. *Marsh,* 12 Dec. Re. 765 (1 Disn. 512); *Clark* v. *Clark,* 20 Ohio St. 128; *Broch* v. *Becker,* 5 Dec. Re. 519 (6 Rec. 380; 2 Bull. 262); *Lake Shore & M. S. Ry.* v. *Hutchins,* 37 Ohio St. 282, 291; *Clarke* v. *Thomas,* 34 Ohio St. 46; *Newburg Petroleum Co.* v. *Weare,* 44 Ohio St. 604 [9 N. E. Rep. 845]; *Root* v. *Railway,* 45 Ohio St. 222 [12 N. E. Rep. 812]; *Cincinnati* v. *Cameron,* 33 Ohio St. 336; *Babcock* v. *Camp,* 12 Ohio St. 11; *Grant* v. *Ludlow,* 8 Ohio St. 1; *Morgan* v. *Spangler,* 20 Ohio St. 38; *Barr* v. *Chapman,* 3 Circ. Dec. 36 (5 R. 69).

Jurisdiction of two courts. *Bateman* v. *Morris,* 7 Dec. 287 (4 N. P. 397).

**L. J. Dolle, Harper & Allen** and **Brenan & Middleswart,** for defendant.

Hadley v. Ellis.

**SWING, J.**

This action is here on error to the judgment of the court of common pleas of this county. In that court Ellis & Company brought an action, alleging in substance that it had entered into a contract with Hadley and others, commissioners of Washington county, Ohio, for the building of a court house at Marietta, Ohio, and that the work was completed. The petition further alleges that it sublet certain portions of the work to the Paige Concrete Fire Proofing Company, who in turn sublet to the Ransome Concrete Company, who in turn sublet certain parts to the Champion Iron Works. That the said Champion Iron Works have filed with the auditor of Washington county a mechanic's lien for the sum of $2,368 for work and material furnished by it in the construction of said court house.

The plaintiff alleges that there is only due by it to the Ransome Company the sum of $1,613.97, leaving a balance due it of $754.03. It asks that all the defendants may be made parties, and the rights of the several parties to said fund may be determined.

The parties to the action are the Ransome Company, the Champion Iron Company (of Kenton, Ohio), and the commissioners of Washington county.

The commissioners of Washington county filed an answer in which they allege that the Champion Iron Works had filed a mechanic's lien in a proper way, claiming that there was due it the sum of $2,368; that it had notified the plaintiff and the Ransome Company of the filing of the same, and that both parties had disputed the claim, and that it had therefore retained said sum out of the amount due the plaintiff on its contract; that it still held said sum and was willing to pay it to whomsoever the court might find entitled to it, or to pay it into the hands of the court, if so ordered, and asked to be protected. The commissioners further set up that an action was pending in Washington county between said several parties as to said sum of $2,368.

The Ransome Company filed an answer admitting the allegations of the petition as to matters between it and the plaintiff.

The Champion Iron Works filed a motion to quash the service of summons on it, which on hearing, the court sustained, and the Champion Iron Works, therefore, are now out of the case.

After this, the court on motion of the plaintiff for judgment on the pleadings, rendered judgment against the commissioners for the sum of $754.03, as claimed in the petition.

Was the court justified in rendering such a judgment?

The petition and answers disclose this state of facts: A contract

for the building of the court house; its completion; a balance due on the same of $2,368; of this sum the plaintiff claimed $754.03, and the Ransome Company $1,613.97, both plaintiff and the Ransome Company agreeing to this; the Champion Iron Works claiming it all, and Washington county, by its commissioners, admitting it owed this amount on the contract, and asserting that the other parties all claimed it and were disputing each other's claims, and saying that it stood ready to pay the sum to whom the court should find entitled to it. The Champion Iron Works goes out of the case.

A glance at the pleadings shows that in order to determine the rights of the parties claiming this fund, the Champion Iron Works was a necessary party. In fact, according to the pleadings, the claim of the Champion Iron Works was the only controversy in the case, and was the matter upon which the court could be called upon to pass. It was the gist of the action and was the only ground upon which it was possible to bring the commissioners of Washington county to this forum. If it had not been for the claim filed according to law by the Champion Iron Works, the same would have been paid to Ellis & Company. There was no controversy between Ellis & Company and the commissioners. There was nothing to try or adjudicate between them, but there was a question between the Champion Iron Works and the plaintiff, and the Ransome Company, and by reason of that fact, the commissioners of Washington county were necessary and proper parties, not in an adversary character, but in order to render complete and necessary justice; in other words, having admitted the debt due to some of those claiming it, the court having found who was rightfully entitled to the same, could direct the commissioners to whom it should be paid.

Without determining the only question raised, viz., who of these three parties is entitled to this fund, the court rendered judgment on the *pleadings* against the commissioners, and in favor of the plaintiff. We are unable to find anything in the pleadings which authorizes such judgment.

It is apparent from the pleadings, that after the Champion Iron Works got out of this action, that it might maintain an action in any other forum and there have determined the very question which the petition in this case sought to have determined, viz., who, as between plaintiff, the Champion Iron Works, and the Ransome Company, was entitled to this fund, admitted to be due by the commissioners; and any judgment rendered in this action would be no bar to any judgment rendered by the court in the action instituted by the Champion Iron Works. And the record discloses that this is just what was done. For

Hadley v. Ellis.

the Champion Iron Works brought an action, making all the parties in this action defendants, and had determined in that action that it was entitled to the whole amount of this fund, to wit, $2,368, together with interest. The result must be, if the judgment in this case stands, that the commissioners of Washington county will have to pay the money twice, and this through no fault of theirs; instead of being equitable, this would be inequitable.

We think the court of common pleas was in error in rendering judgment in favor of the plaintiff and against the commissioners, and this is shown by the pleadings, whether the court considered the amendment to the answer of the commissioners or not, for the reason that when the Champion Iron Works went out of the case, it left nothing to be determined against the commissioners.

**Jelke** and **Giffen, JJ.,** concur.